IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAMONE LAMONT HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 07-0262-CV-W-DW-P |
| ) | Crim. No. 05-00282-01-CR-W-DW |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Petitioner Damone Lamont Harris has filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) For the following reasons, the motion is denied.

Petitioner seeks relief from the 57-month sentence imposed following his conviction for being a felon in possession of ammunition. In his motion, Petitioner claims that he received ineffective assistance of counsel at sentencing because his counsel did not argue that Harris' sentence was too high for his possession of ammunition under the advisory Guidelines.

In Strickland v. Washington, 466 U.S. 668 (1984), the U.S. Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel. First, a petitioner must show that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To satisfy this prong of the test, a petitioner must overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, a petitioner must demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

It is clear from the record that the Court and parties were aware that the Guideline range of

57 to 71 months was advisory. At sentencing, Petitioner's counsel argued for a sentence of 48 months. Petitioner's counsel argued that the facts in this case justified imposition of a sentence below the advisory Guideline range. In fact, Counsel explicitly stated that were the Guidelines mandatory he would be arguing for the low end of the range, but post-Booker he felt that a below Guideline sentence was appropriate. Counsel raised specific facts justifying a below-guideline sentence including that Petitioner's prior felonies were remote in time and his more recent crimes were not violent in nature. Although the Court did not ultimately adopt Petitioner's position, the Sixth Amendment does not require the actions of counsel result in a favorable outcome. See Taylor v. United States, 282 F.2d 16, 20 (8th Cir. 1960).

There is simply no support in the record for the argument put forth by Petitioner. For this reason the § 2255 petition for habeas relief is DENIED. The Court further finds that Petitioner has failed to make a substantial showing that he has been denied constitutional rights. Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000). Accordingly, he is denied a certificate of appealability.

Date: January 23, 2008 /s/ Dean Whipple
Dean Whipple
United States District Judge

2

Case 4:07-cv-00262-DW   Document 11   Filed 01/23/08   Page 2 of 2